**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Greg Yoshihara TAKAHASHI,
Defendant–Appellant.**

No. 07–10055.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed Feb. 22, 2008.

Susan Cushman, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Paul J. Cunney, Esq., Law Offices of Paul Cunney, Honolulu, HI, for Defendant–Appellant.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,* Senior District Judge.

MEMORANDUM **

The facts of this case are known to the parties and need not be repeated here. Following a conditional guilty plea, Greg Yoshihara Takahashi appeals the district court's denial of his motion to suppress evidence seized at his apartment during a search authorized by a warrant. He argues that the affidavit underlying the warrant was inadequate to establish probable cause as to him and his apartment. He further argues that the *Leon* good faith exception should not apply because the magistrate judge wholly abandoned her judicial role and the affidavit was so lacking in indicia of probable cause as to render official belief in its existence unreasonable. *See United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We reject both arguments.

Although only a small portion of the lengthy affidavit concerned Takahashi's residence, and although some of the information pertaining to Takahashi was irrelevant to the probable cause determination, the affidavit provided a substantial basis for the magistrate judge to conclude that there was "a fair probability that contraband or evidence of a crime w[ould] be found in" Takahashi's apartment. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit described a series of telephone calls between Hina and Lundgren on August 4, 2004, to set up a meeting at Takahashi's residence later that evening. Given the circumstances surrounding the phone calls and the overwhelming evidence that both Hina and Lundgren were involved in drug trafficking, the magistrate judge was permitted to draw the reasonable inference that evidence of illicit drug trafficking was likely to be found at Takahashi's apartment. *United States v. Fernandez,* 388 F.3d 1199, 1253–54 (9th Cir.2004); *see also United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986).

Even if we concluded that the affidavit did not establish probable cause, the district court was correct that the *Leon* exception would apply. There is no evidence

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to support Takahashi's argument that the magistrate judge "wholly abandoned [her] judicial role" or that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. 3405. At a minimum, the affidavit provides evidence "sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause." *Id.* at 926, 104 S.Ct. 3405.

The judgment of the district court is AFFIRMED.